**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | |
|---|---|
| KELA WILLIAMS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OKLAHOMA GAS & ELECTRIC CO.,<br><br>Defendant. | Civil Action No. \_\_\_\_\_CIV-20-600-SLP\_\_\_\_\_<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Kela Williams ("Plaintiff" or "Williams"), brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Oklahoma Gas & Electric Co. ("OG&E" or "Defendant"), at any time from June 23, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*, the Oklahoma Minimum Wage Act ("OMWA"). OKLA. STAT. ANN. TIT. 40 §§197.1–.17, and the Oklahoma Wage Payment Requirements Act, OKLA. STAT. TIT 40 §§165.1 *et seq*.

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Oklahoma state law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on

personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to Oklahoma state law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for OG&E in its call centers at any time from June 23, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3. Specifically, OG&E enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. OG&E's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. OG&E knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Oklahoma law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Williams designated herein be named as the Class Representative for the Oklahoma state law claim.

## II.
## THE PARTIES

11. Plaintiff Kela Williams ("Williams") was employed by OG&E in Oklahoma City, Oklahoma during the relevant time period. Plaintiff Williams did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Kela Williams is hereby attached as Exhibit "A."

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by OG&E at any time from June 23, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Williams worked and was paid.

13. The Oklahoma Class Members are those current and former hourly call-center employees who were employed by OG&E in Oklahoma at any time from June 23, 2017 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Williams worked and was paid.

14. Defendant Oklahoma Gas & Electric Co. ("OG&E") is a Domestic For-Profit Corporation, licensed to and doing business in Oklahoma, and can be served through its registered agent: **PATRICIA D. HORN, 321 N. HARVEY, OKLAHOMA CITY, OKLAHOMA 73102.**

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

16. This Court has supplemental jurisdiction over the additional Oklahoma state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over OG&E because the cause of action arose within this District as a result of OG&E's conduct within this District and Division.

18. Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Specifically, OG&E has maintained a working presence in Oklahoma City, Oklahoma, and Plaintiff Williams worked in Oklahoma City, Oklahoma throughout her employment with OG&E, all of which is located within this District and Division.

20.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21.     OG&E is Oklahoma's oldest and largest investor-owned electric company.[2]

22.     Plaintiff and the Putative Class Members' job duties consisted of making and answering phone calls made by OG&E clients to help and assist those clients with their inquiries.

23.     Plaintiff Williams was employed by OG&E in customer service in Oklahoma City, Oklahoma from approximately June 2006 until October 2018.

24.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

25.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

26.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

---

[2] https://www.oge.com/wps/portal/oge/about-us/companyOverview/.

27. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for OG&E as a result of OG&E's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

28. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different OG&E computer programs, log in to each OG&E program, and ensure that each OG&E program is running correctly—all of which can take up to twenty-five minutes—before they allowed to clock in on the time keeping software application and then take their first phone call.

29. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often were) subject to discipline.

30. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

31. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock."

32. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

33. OG&E provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

34. However, OG&E requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

35. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

36. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

37. The log off process used prior to going to lunch can take 1-3 minutes.

38. The log in process used after returning from lunch can take 1-3 minutes.

39. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break per OG&E policy.

40. OG&E permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

41. As a result of OG&E's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

42. OG&E has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

43. OG&E is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

44. Because OG&E did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, OG&E's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

45. Plaintiff Williams incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

46. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OKLAHOMA GAS & ELECTRIC CO., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 23, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

47. At all times hereinafter mentioned, OG&E has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, OG&E has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, OG&E has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)

of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by OG&E, these individuals have provided services for OG&E that involved interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of OG&E who assisted OG&E by calling debtors and collecting on outstanding debts throughout the United States. 29 U.S.C. § 203(j).

53. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

55. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of OG&E.

**B.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

56. OG&E has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

57. Moreover, OG&E knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

58. OG&E is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

59. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted OG&E to pay them according to the law.

60. The decisions and practices by OG&E to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

61. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.      COLLECTIVE ACTION ALLEGATIONS

62.     All previous paragraphs are incorporated as though fully set forth herein.

63.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of OG&E's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

64.     Other similarly situated employees of OG&E have been victimized by OG&E's patterns, practices, and policies, which are in willful violation of the FLSA.

65.     The FLSA Collective Members are defined in Paragraph 46.

66.     OG&E's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of OG&E, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

67.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

69.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

70.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and OG&E will retain the proceeds of its rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Oklahoma Acts)

**A. OKLAHOMA ACTS COVERAGE**

74. Plaintiff Williams incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

75. Plaintiff alleges OG&E violated the Oklahoma Minimum Wage Act, OKLA. STAT. TIT. 40 §§ 197.1 *et seq.;* the Oklahoma Wage Payment Requirements Act, OKLA. STAT. TIT 40 §§ 165.1 *et seq* (collectively the "Oklahoma Acts")

76. The Oklahoma Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OKLAHOMA GAS & ELECTRIC CO., IN THE STATE OF OKLAHOMA, AT ANY TIME FROM JUNE 23, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Oklahoma Class" or "Oklahoma Class Members")**

77. At all times hereinafter mentioned, OG&E has been an "employer" within the meaning of the Oklahoma Acts. *See* OKLA. STAT. TIT. 40 §§ 197.4(d).

78. At all times hereinafter mentioned, Plaintiff Williams and the Oklahoma Class Members have been "employees" within the meaning of the Oklahoma Acts. *See* OKLA. STAT. TIT. 40 §§ 197.4(e).

79. Plaintiff Williams and the Oklahoma Class Members were or have been employed by OG&E since June 23, 2017, and have been covered employees entitled to the protections of the Oklahoma Acts and were not exempt from the protections of the Oklahoma Acts.

80. The employer, OG&E, is not exempt from paying minimum wage and overtime benefits under the Oklahoma Acts.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OKLAHOMA ACTS**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. OG&E owes Plaintiff Williams and the Oklahoma Class Members "wages," as defined in the Oklahoma Acts, OKLA. STAT. TIT. 40 §§ 197.4(b). to compensate them for labor and services they provided to OG&E in the furtherance of their job duties.

83. The Plaintiff Williams and Oklahoma Class Members were not (and currently are not) exempt from receiving minimum wage and overtime benefits under the Oklahoma Acts.

84. Class Members are non-exempt employees who are entitled to be paid for all hours worked. See id.

85. Plaintiff Williams and the Oklahoma Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, OG&E violated the Oklahoma Acts by failing to pay Plaintiff Williams and other Oklahoma Class Members

for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* OKLA. STAT. TIT. 40 §§ 165.2

86. Plaintiff Williams and the Oklahoma Class Members provided valuable services for OG&E, at OG&E's direction and with OG&E's acquiescence.

87. OG&E has a company-wide policy and practice of failing to pay Plaintiff Williams and Oklahoma Class Members for all hours worked.

88. OG&E has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek.

89. As a result of OG&E's illegal and company-wide policies applicable to Plaintiff Williams and Oklahoma Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to the Oklahoma Class Members, OG&E violated the Oklahoma Acts.

90. OG&E's failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Oklahoma Class Members who performed work on behalf of OG&E in Oklahoma is part of a continuing course of conduct.

91. Plaintiff Williams and Oklahoma Class Members who performed work on behalf of OG&E in Oklahoma are entitled to invoke the benefits of the Oklahoma Acts.

92. As a result, this action, "may encompass all violations that occurred as part of OG&E's continuing course of conduct regardless of the date on which they occurred."

93. Plaintiff Williams and Oklahoma Class Members have suffered damages and continue to suffer damages as a result of OG&E's acts or omissions described herein; though

OG&E is in possession and control of necessary documents and information from which the Oklahoma Class Members would be able to precisely calculated damages.

94. Plaintiff Williams and Oklahoma Class Members seek the amount of their underpayments based on OG&E's failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from OG&E's willful conduct as the Court deems just and proper.

95. Accordingly, the Oklahoma Acts Class should be certified as defined in Paragraph 76.

**C.     OKLAHOMA CLASS ALLEGATIONS**

96. Plaintiff Williams brings her Oklahoma claims pursuant to Oklahoma Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by OG&E to work in Oklahoma since June 23, 2017.

97. Class action treatment of Plaintiff Williams and the Oklahoma Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

98. The number of Oklahoma Class Members is so numerous that joinder of all class members is impracticable.

99. Plaintiff Williams is a member of the Oklahoma Class, her claims are typical of the claims of other Oklahoma Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

100.  Plaintiff Williams and her counsel will fairly and adequately represent the Oklahoma Class Members and their interests.

101.  Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102.  Accordingly, the Oklahoma Class should be certified as defined in Paragraph 76.

## VI.
## RELIEF SOUGHT

103.  Plaintiff respectfully prays for judgment against OG&E as follows:

a.  For an Order certifying the FLSA Collective as defined in Paragraph 46 and requiring OG&E to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

b.  For an Order certifying the Oklahoma Class as defined in Paragraph 76 and designating Plaintiff Williams as the Class Representative of the Oklahoma Class;

c.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.  For an Order pursuant to Section 16(b) of the FLSA finding OG&E liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid

compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

  e. For an Order pursuant to Oklahoma law awarding Plaintiff Williams and the Oklahoma Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Williams a service award as permitted by law;

  h. For an Order compelling the accounting of the books and records of OG&E, at OG&E's expense; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 23, 2020

                Respectfully submitted,

                **MCINTYRE LAW, P.C.**

By:    /s/ *Noble K. McIntyre*
        **Noble K. McIntyre**
        Oklahoma Bar No. 16359
        noble@mcintyrelaw.com
        8601 S. Western Avenue
        Oklahoma City, Oklahoma 73139
        Telephone: (405) 917-5250
        Facsimile: (405) 917-5405

        **ANDERSON ALEXANDER, PLLC**

        **Clif Alexander** *(Pro Hac Vice Anticipated)*
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin Anderson** *(Pro Hac Vice Anticipated)*
        Texas Bar No. 24045189
        austin@a2xlaw.com
        819 N. Upper BroadwayCorpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **Attorneys in Charge for Plaintiff and Putative Class Members**